[Civ. No. 10282. First Appellate District, Division Two.—July 14, 1936.]

## A. W. PORTER et al., Petitioners, v. SHERMAN G. BLOOD, as City Clerk, etc., Respondent.

[Civ. No. 10283. First Appellate District, Division Two.—July 14, 1936.]

## NORMAN C. BATES et al., Petitioners, v. SHERMAN G. BLOOD, as City Clerk, etc., Respondent.

H. Albert George for Petitioners.

William J. Locke, City Attorney, and Frank W. Creely for Respondent.

DOOLING, J., *pro tem.*—In these two proceedings (consolidated by stipulation) petitioners sought writs of mandate to compel respondent as City Clerk of the City of Alameda to certify as sufficient two petitions for the recall of Charles W. Broyles and Bruce A. Munro, city councilmen of said city. On the return of the alternative writs yesterday, peremptory writs of mandate were granted as prayed. We here set forth briefly the reasons for that action.

The charter of Alameda requires a valid recall petition to be ''signed by qualified electors of the city equal in number to at least twenty-five per centum (25%) of the total number of persons voting at the general municipal election next preceding'' (art. XI, chap. II, sec. 5, Charter of Alameda), which in the present instance necessitated the procuring of 3,818 valid signatures of qualified electors. In the Broyles' case respondent certified 3,453, and in the Munro case 3,543 valid signatures of qualified electors as being attached to the respective petitions. At the hearing respondent testified that in the case of each petition he rejected over 2,000 signatures on the sole ground that signers had been registered for less than forty days.

On this state of facts we were satisfied that the cases were ruled by the decision of the Supreme Court in *Ley* v. *Dominguez*, 212 Cal. 587 [299 Pac. 713]. At the time of the filing of the recall petition in the Ley case the Political Code required a voter to be a resident of his precinct for at least 30 days prior to an election to be entitled to vote. The law has now been changed to require 40 days' residence in the

precinct. (Art. II, sec. 1, Const.; Pol. Code, sec. 1083.) In the Ley case our Supreme Court held that persons registered less than 30 days were "registered qualified electors" within the meaning of the recall provisions of the Los Angeles city charter. The pertinent recall provisions of the Alameda city charter do not differ substantially from those of the city of Los Angeles construed in that case and we could find no reason for holding that the signers registered for less than 40 days should have been held disqualified. Hence we ordered the peremptory writs to issue.

Nourse, P. J., and Sturtevant, J., concurred.